# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 16-479V
Filed: April 6, 2018

| | |
|---|---|
| * * * * * * * * * * * * * | |
| STEPHEN VASAS, | UNPUBLISHED |
| Petitioner, | |
| v. | Special Master Oler |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Decision on Attorneys' Fees and Costs. |
| Respondent. | |
| * * * * * * * * * * * * * | |

*Scott William Rooney,* Nemes Rooney, P.C., Farmington Hills, MI, for Petitioner.
*Glenn S. Greene,* U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Oler**, Special Master:

      On April 15, 2016, Petitioner, Stephen Vasas, filed a petition for compensation in the National Vaccine Injury Compensation Program ("the Program"),[2] alleging that he suffered peripheral neuropathy as a result of receiving a "Tdap" (tetanus, diphtheria, acellular pertussis) vaccine on May 1, 2013. ECF No. 1 at 2. Respondent filed a Rule 4(c) Report on October 7, 2016, recommending that compensation be denied in this case. ECF No. 13 at 1. Petitioner moved for a stipulated order for voluntary dismissal of his petition on October 12, 2017. ECF No. 34. The special master previously assigned to this case issued an order concluding proceedings on October 12, 2017, dismissing this case. ECF No. 35.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in 42 U.S.C. § 300aa-12(d)(4)(B). Further, consistent with the rule, a motion for redaction must include a proposed redacted decision. If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986 ("Vaccine Act"), Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. §300aa (2012).

On November 3, 2017, Petitioner filed a Motion for Attorneys' Fees and Costs ("AFC Motion"), requesting attorneys' fees in the amount of $6,418.50, and $555.58 in costs, for a total of $6,974.08.  *See* AFC Motion, ECF No. 36 at 2-3.  In accordance with General Order #9, Petitioner filed a signed statement indicating that he incurred out-of-pocket expenses in the amount of $43.77, for the purchase of medical records.  *See* Ex. 1, attached to ECF No. 36.  Petitioner also seeks reimbursement of those out-of-pocket expenses.  *See* AFC Motion at 2-3.

Respondent filed a response to Petitioner's AFC motion on November 16, 2017.  Respondent's Response, dated November 16, 2017 (ECF No. 37).  Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for [R]espondent in the resolution of a request by a [P]etitioner for an award of attorneys' fees and costs." *Id.* at 1.  Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2.  Additionally, he "respectfully recommends that the [undersigned] exercise [her] discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3.

This case was transferred to my docket on December 6, 2017.  ECF No. 39.  This matter is now ripe for a decision.

*I. Applicable Law*

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs."  § 15(e)(1).  If a petitioner succeeds on the merits of his or her claim, the award of attorneys' fees is automatic.  *Id.*; *see Sebelius v. Cloer*, 569 U.S. 369, 373 (2013).  However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed.  §15(e)(1).

*II. Discussion*

Respondent does not argue that this case lacks good faith or a reasonable basis.  Upon my review of the record, and an examination of the overall circumstances of this case, I also agree that this case was filed in "good faith," and with a "reasonable basis."

Based on my review of the billing records submitted with Petitioner's AFC Motion (*see* Ex. 2 at 1-5, ECF No. 36),[3] the hours expended on this matter appear to be reasonable, and I find no cause to reduce the requested attorney or paralegal hourly rates.  Similarly, after reviewing the costs invoices attached with Petitioner's AFC Motion (*see id.* at 6-7), I find the requested litigation costs to be reasonable, and will award them in full.  Petitioner's requested out-of-pocket expenses also appear to be reasonable, and will be awarded in full.

---

[3] The pagination in Exhibit 2 appears at the top-right corner of each page, starting with "page 2" through "page 7."  *See* Ex. 2 at 2-7.

### III. *Total Award Summary*

Accordingly, I award the following amounts:

(1) **$6,974.08**, representing $6,418.50 in attorneys' fees and $555.58 in costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel, Scott W. Rooney; and

(2) **$43.77**, representing Petitioner's out-of-pocket expenses, in the form of a check payable to Petitioner, Stephen Vasas.

The clerk shall enter judgment accordingly.[4]

**IT IS SO ORDERED.**

<u>s/ Katherine E. Oler</u>
Katherine E. Oler
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.